

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-9-2008

# Cheng v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3087

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Cheng v. Atty Gen USA" (2008). *2008 Decisions.* Paper 1245.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1245

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-3087

DEN FUNG CHENG,
                              Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A77 121 670)
Immigration Judge:  Honorable Eugene Pugliese

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 1, 2008

BEFORE: AMBRO, FISHER and JORDAN, Circuit Judges

(Opinion filed    May 9, 2008 )

OPINION

PER CURIAM

        Den Fung Cheng has filed a petition for review of an order of the Board of

Immigration Appeals ("BIA") denying his motion to reopen his removal proceedings.

For the reasons that follow, we will deny the petition for review.

Cheng is a native and citizen of the People's Republic of China. In 1999, as an unaccompanied minor, he arrived in the United States without valid travel documents. He was placed in removal proceedings and was charged under 8 U.S.C. § 1182(a)(4)(A) as an alien likely to become a public charge, and under § 1182(a)(7)(A)(i)(I) as an immigrant not in possession of a valid entry document, travel document, or other document of identity or nationality. He denied the allegation of likelihood of becoming a public charge but admitted to the documents charge.

Cheng applied for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). In support of his applications for relief, Cheng alleged that he would be persecuted if he returned to China because he left the country illegally, and that his family suffered hardship in China because his parents had two children, contrary to China's population control laws. After a hearing, on August 4, 2000, the Immigration Judge ("IJ") denied all forms of relief and ordered his removal from the United States. On November 30, 2001, the BIA affirmed the IJ's denial of relief and dismissed Cheng's appeal. More than five years later, on February 5, 2007, Cheng filed a motion to reopen his removal proceedings based on his fear of persecution in China in light of his having embraced Christianity in 2002. On June 14, 2007, the BIA denied the motion to reopen as untimely. This petition for review followed.

We have jurisdiction to review the BIA's denial of Cheng's motion to reopen. See 8 U.S.C. § 1252. We review the denial of a motion to reopen for abuse of discretion. See

2

Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2002). Thus, to succeed on his petition for review, Cheng must show that the BIA's decision was somehow arbitrary, irrational, or contrary to law. See id.

An alien must file a motion to reopen no later than ninety days after the date on which the final administrative decision was rendered See 8 C.F.R. § 1003.2(c)(2). There is an exception to this limitation when an applicant for asylum or withholding of removal demonstrates that his or her claim is based on changed circumstances in the country of removal, if supporting evidence is material and was not available and could not have been discovered or presented at the prior hearing. See 8 C.F.R. § 1003.2(c)(3)(ii).

As stated earlier, Cheng's motion to reopen was based on his fear of persecution in China as a Christian. Cheng submitted supporting materials, namely, the State Department Country Report on Human Rights Practices 2005 for China ("the Report"), an undated news article by the BBC News, and Cheng's own affidavit. In his affidavit, Cheng again briefly recounted his family's unfair treatment by Chinese authorities in light of his parents' violation of the family planning laws. He further asserted that he also feared returning to China in light of his new religion, given that China is still controlled by the Communist Party and that "any other religion or belief is not welcomed." He stated that one of his best friends took him to church in 2002, and since then, he has attended church almost once a week, he reads the Bible, and he meets with friends for prayer and Bible study.

3

Aside from the BIA's observations that Cheng's affidavit does not identify the church to which he belongs, and that he provided no adequate corroboration to the claim that he is now a Christian, the BIA found that Cheng's motion to reopen was based solely on a change in personal circumstances, not on any changed conditions in China. Indeed, Cheng has failed to identify any changed conditions in China. To the extent that Cheng argues that the BIA erred in failing to consider whether the evidence he submitted provides prima facie proof of eligibility for asylum, withholding of removal, and CAT relief, we reject this argument. Cheng does not dispute that his motion to reopen was filed beyond the ninety-day filing period, but he does not address how his motion satisfied the criteria of 8 C.F.R. § 1003.2(c)(3)(ii), the procedural hurdle he must overcome before having an untimely motion to reopen considered. See Shardar v. Attorney General, 503 F.3d 308, 313-14 (3d Cir. 2007). In sum, we conclude that Cheng did not sufficiently allege or establish changed country conditions in China to qualify for an exception to the ninety-day filing requirement. Thus, the BIA did not abuse its discretion in denying the motion to reopen.

We will deny the petition for review.